IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRYL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-436-SMY |
| | ) | |
| RICK WATSON, | ) | |
| LT. STRUBERG, | ) | |
| CAPT. TRICE, | ) | |
| and ZAC KURTIS, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On April 20, 2015, Plaintiff's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 was filed in this Court. He alleges that while he was a pretrial detainee in the St. Clair County Jail between July 15, 2013, and January 2014, Defendants subjected him to unconstitutional conditions of confinement.

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2). When the complaint was filed on April 20, Plaintiff had been released from Illinois Department of Corrections custody, and was housed in a personal residence. Plaintiff thus no longer falls within the statutory definition of prisoner[1] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

---

[1] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff's affidavit was included within his IFP motion. The affidavit was signed on *March* 20, 2015, one month before the court received his complaint. It contains financial information that was current as of March 20, at which time Plaintiff was still incarcerated at Danville Correctional Center ("Danville"). However, Plaintiff was released from prison on April 10, 2015, and is now on parole (Doc. 1-1). As such, he would no longer have funds on deposit in an inmate trust account, as shown in the prison trust fund officer's certification (Doc. 2, p. 3). Moreover, the motion and affidavit do not disclose any information about Plaintiff's current income (if any), financial resources or obligations that would enable the Court to determine his eligibility for a fee waiver as of the date of filing.

Adding to the uncertainty is the fact that Plaintiff also prepared and signed his complaint while he was still confined at Danville on March 20, 2015 (Doc. 1, p. 8). He completed his proof of service on the same date, indicating that he placed the documents in the prison mail system on March 20 to be delivered to the Court (Doc. 1, p. 9). He also listed Danville as the return address on the envelope in which he mailed the complaint (Doc. 1-2). However, the fact that this envelope was not delivered to the Court until April 20, 2015, indicates that it may not have been mailed from the prison after all, but may instead have been mailed by or on behalf of Plaintiff after he had already been released. The envelope does not bear any discernible postmark to show the actual date it was placed in the United States Mail.

Different merits screening and fee-payment rules apply to cases that are brought by

prisoners, as opposed to cases that are brought after the former prisoner has been released from custody.² *Compare* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915(a) and (b). For this reason, Plaintiff shall be required to submit an affidavit stating the date on which the complaint was actually placed in the mail addressed to this Court. If Plaintiff sent the complaint to an intermediary, who then mailed the documents to the courthouse, his affidavit shall include those facts. This information will enable the Court to determine which statute and rules apply to his request to proceed IFP in this case, as well as to the merits review of the action. The Court is not concerned about the accuracy of the March 20, 2015 proof of service, in light of Plaintiff's recent transition from prison to parole, but simply needs to know the actual timeline that applies to the filing of this case.

Further, Plaintiff shall be required to submit an updated motion for leave to proceed IFP, to reflect his current financial circumstances now that he is no longer in prison. This information shall be used to assess Plaintiff's eligibility for pauper status and his ability to pay the filing fee for this action.

**IT IS THEREFORE ORDERED** that Plaintiff shall submit to the Court, within 21 days of the date of this order (on or before June 1, 2015), a signed affidavit which states the date on which his complaint (Doc. 1) was placed in the mail addressed to this Court, and whether it was mailed by Plaintiff or another person on his behalf. Plaintiff should label this affidavit and all other submissions with Case No. 15-cv-436-SMY.

**IT IS FURTHER ORDERED** that, within the same deadline as above, Plaintiff shall submit a new motion for leave to proceed *in forma pauperis* in this action, that contains his

---

² Under the "mailbox rule," documents mailed to a court by a prisoner may be considered "filed" as of the date they were placed in the prison's mail system. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (holding that the mailbox rule applies to motions filed pursuant to Rule 59(e), under the reasoning of *Houston v. Lack*, 487 U.S. 266 (1988)).

current financial information.  To assist him with this matter, the Clerk is **DIRECTED** to mail Plaintiff a blank form IFP motion.  Plaintiff is also advised that this form is available on the Court's website at:  http://www.ilsd.uscourts.gov/Forms/IFP_Form.pdf.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2015**

s/ STACI M. YANDLE  
United States District Judge