IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-436-SMY |
| ) | |
| RICK WATSON, ) | |
| LT. STRUBERG, ) | |
| CAPT. TRICE, ) | |
| and ZAC KURTIS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On April 20, 2015, Plaintiff Robinson filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights during his pretrial detention at the St. Clair County Jail. This matter is again before the Court for consideration of Plaintiff's motions to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Docs. 2, 7).

Plaintiff has complied with the Court's order (Doc. 6) to clarify the mailing date of his complaint. He states that although he prepared his pleading while he was incarcerated, he did not have the funds to mail it until after his April 10, 2015, release from prison (Doc. 7-1). Therefore, the instant complaint was both mailed and filed while Plaintiff was no longer in the custody of the Illinois Department of Corrections, but instead was housed in a personal residence. Thus, at the pertinent time, Plaintiff did not meet the statutory definition of prisoner[1] for purposes of the *in forma pauperis* (IFP) statute, which states that "[t]he term 'prisoner' means

---

[1] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff alleges that while he was a pretrial detainee in the St. Clair County Jail between July 15, 2013, and January 2014, Defendants subjected him to unconstitutional conditions of

confinement. Specifically, because of overcrowding, he was housed in the jail's recreation area or gym, where he had to sleep on a mat on the floor (Doc. 1, p. 4). This caused him to develop back problems. There was no shower in this makeshift housing area, so he was limited to taking a shower only on certain days, after inmates on the wings where the showers were located were locked down. Only one toilet was provided for more than 60 inmates in the gym area. Plaintiff was never given cleaning supplies. He developed a boil in his anal area. This wound began to discharge, and he was unable to clean himself properly (Doc. 1, p. 5).

The gym had no air conditioning, and Plaintiff suffered from the extreme heat in the summer. In the winter, the place was too cold because it lacked any heat; Plaintiff's single blanket was not enough to keep him warm. Defendants Struberg and Trice knew of the bad conditions and the fact that the gym was condemned, yet required Plaintiff and other inmates to be housed there.

In addition to the harsh and unsanitary conditions, when Plaintiff was booked into the jail, Defendant Kurtis made him undress in front of eight other detainees. This included a "full cavity body search" (Doc. 1, p. 6). Plaintiff also claims that his First Amendment rights were violated when jail employees allowed him to be photographed and publicly identified by the news media, who were documenting the overcrowded living conditions. Finally, he asserts that he suffered mental and emotional injuries as a result of the boil and back problems caused by the jail conditions.

Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 8).

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motions establish that he is indigent for purposes of IFP review. Nothing indicates that his action is

frivolous or malicious. The named Defendants are not immune from relief. And at this point, the Court cannot conclude that the complaint fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motions (Docs. 2 & 7) for leave to proceed IFP are **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WATSON, STRUBERG, TRICE**, and **KURTIS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 27, 2015**

s/ STACI M. YANDLE
United States District Judge
